UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VERONICA CRUZ-JIMENEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Crim. Case No. 4:10-cr-00073-BLW<br>Civ. Case No. 4:13-cv-00510-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Veronica Cruz-Jimenez's ("Cruz-Jimenez") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. 1) (Crim. Dkt. 389) and the Government's Motion to Dismiss (Civ. Dkt. 7). Also pending is her Consolidated Motion for and Brief in Support of Extension of Time (Civ. Dkt. 9). The Court will grant the extension of time and deem the subsequently filed Brief in Opposition to Government's Motion to Dismiss (Civ. Dkt. 10) to have been timely filed. Having now reviewed and considered the § 2255 Motion, the Government's Motion to Dismiss, and Cruz-Jimenez's Brief in Opposition, the Court enters the following Order granting the Government's Motion to Dismiss and dismissing the § 2255 Motion.

## BACKGROUND

Cruz-Jimenez was indicted along with nine co-Defendants all of whom were charged with various conspiracy and drug possession charges. Cruz-Jimenez and two co-

**MEMORANDUM DECISION AND ORDER - 1**

Defendants opted to go to trial. She was convicted of conspiracy to distribute 50 grams or more of actual methamphetamine. *Jury Verdict*, Crim. Dkt. 201. On August 1, 2011, the Court imposed a sentence of 120 months to be followed by five years of supervised release, and Judgment was duly entered. *Sentencing Minutes*, Crim. Dkt. 262; *Judgment*, Crim. Dkt. 263. On August 13, 2012, the Ninth Circuit Court of Appeals affirmed her sentence. *USCA Mem.*, Crim. Dkt. 347. On November 25, 2013, the Court received the pending § 2255 Motion accompanied by a letter of transmittal dated November 8, 2013 (Civ. Dkt. 1-2) indicating that the Motion was placed in the prison mailbox on that date, four days prior to the expiration of the statute of limitations set forth in 28 U.S.C. § 2255(f)(1). "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." *Rule 3 of the Rules Governing Section 2255 Proceedings*. "Timely filing may be shown by a declaration . . . or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." *Id*. Although the letter does not technically comply with Rule 3, the Government has not raised any timeliness issue. Thus the Court will deem the § 2255 Motion timely filed.

## STANDARD OF LAW

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such

sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." In order to proceed on a § 2255 motion, the movant must make "*specific factual allegations* that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citation omitted) (emphasis added). "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

## ANALYSIS

Cruz-Jimenez alleges two grounds of ineffective assistance of counsel. First, she alleges that counsel was ineffective for failing to call the "Leader Organizer" of the conspiracy to testify that she was not aware of or involved in the drug conspiracy. Second, she alleges that counsel was ineffective for failing to advise her to accept the Government's plea offer of one year.

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a

claim of ineffective assistance of counsel. *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689. This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence. . . ." *Id.* For the court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. The *Strickland* standard is "highly demanding." *Kimmelman v. Morrision*, 477 U.S. 365, 381-82; 386 (noting that the court should "assess counsel's overall performance throughout the case" when evaluating whether his assistance was reasonable).

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687). Whether or not counsel's performance was deficient is

irrelevant if there was no prejudice as both of Strickland's prongs must be met to be entitled to relief. In evaluating an ineffective assistance of counsel claim, a court may consider the performance and prejudice components of the *Strickland* test in either order. *Strickland*, 466 U.S. at 697.

As recently reiterated by the Supreme Court, a defendant's right to effective assistance of counsel has long been held to apply to the plea process. *Missouri v. Frye*, 132 S.Ct. 1399, 1408 (2012); *Lafler v. Cooper*, 132 S.Ct. 1376, 1385 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). The same *Strickland* standard applies to claims of ineffective assistance of counsel at the plea stage. *Hill*, 474 U.S. at 58.

Regarding Cruz-Jimenez's argument of ineffective assistance of counsel for failure to call the "Lead Organizer" at trial, the Government initially argued that Cruz-Jimenez failed to identify the purported testimony or show that the individual would have in fact testified and provided exonerating evidence and that in any event. However, along with her Brief in Opposition, Cruz-Jimenez submitted the Declaration of Jose Penaloza-Paramo dated June 5, 2014. Penaloza-Paramo was the so-called "Leader Organizer" of the conspiracy and self-described "long time paramour of Veronica Cruz-Jimenez." (Civ. Dkt. 10-1). In the Declaration, he states (1) that he had previously provided an affidavit to his trial counsel for use in Cruz-Jiminez's sentencing to establish her lack of involvement in and knowledge of his drug dealings, and (2) that he had stated at his sentencing that she was not aware of or involved in the drug sales. He also states that he

was told by his counsel that if he pled guilty, the Government would be willing to offer Cruz-Jimenez a plea with an agreed sentence of time-served that he estimated would have been approximately one year.

If considered in a vacuum, some of what Penaloza-Paramo says in his post-trial declaration may have benefitted Cruz-Jimenez at trial. But, that is not how a trial works. Penaloza-Paramo's current stated willingness to minimize Cruz-Jiminez's culpability at her sentencing does not mean that he would have been willing to so testify at her trial. Moreover, even if he was willing to testify at trial, Attorneys make all sorts of strategic decisions during trial, including whether to call certain witnesses. Calling Penaloza-Paramo, the so called "Lead Organizer" of the group, as a witness at trial, could have given counsel all sorts of concerns. For example, Penaloza-Paramo states in his declaration that he would do "what was necessary" to get Cruz-Jimenez "off the hook." This would have provided rich ground for the government to plow on cross-examination. A jury could easily find Penaloza-Paramo's testimony untruthful. In the end, decisions on whether to call a particular witness at trial "rest upon the sound professional judgment of the trial lawyer." *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir.1980). Under these circumstances, the Court finds that neither prong of the *Strickland* test is met, and that it was not ineffective assistance of counsel not to call Penaloza-Paramo as a witness at trial.

With regard to the second claim, the Government moves to dismiss on the grounds that no such offer was ever made. The only evidence offered by Cruz-Jimenez is the same Declaration of Penaloza-Paramo, where Penaloza-Paramo states that he would do

whatever was necessary to get Cruz-Jimenez "off the hook," and that in one meeting with his own attorney, his attorney advised him that the Government was willing to offer a time-served sentence for Cruz-Jimenez.

Evidence of a conversation between a co-defendant and his attorney about the co-defendant's desire to get a certain sentence for Cruz-Jimenez is insufficient to find that the Government ever offered Curz-Jimenez or her attorney a one-year plea deal. This is especially true given the Government's statement that no such offer was ever made. Accordingly, the Court finds that neither prong of the *Strickland* test is met on this ground either, and that there was no ineffective assistance of counsel. Therefore, the Court will grant the Government's Motion to Dismiss, and dismiss Cruz-Jimenez's Motion to Vacate/Set Aside/Correct Sentence.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of her § 2255 motion unless she has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or

claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's decision to be debatable or wrong.

## ORDER

**IT IS ORDERED:**

1. The Government's Motion to Dismiss (Civ. Dkt. 7) is **GRANTED** and Veronica Cruz-Jimenez's Motion to Vacate/Set Aside/Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1) and (Crim. Dkt. 389) is **DISMISSED**.

2. Petitioner's Consolidated Motion for and Brief in Support of Extension of Time (Dkt. 9) is **GRANTED**.

3. No certificate of appealability shall issue. Cruz-Jimenez is advised that she may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, she must file a timely notice of appeal.

4. If Cruz-Jimenez files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with

this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: March 12, 2018

B. Lynn Winmill
Chief U.S. District Court Judge